18-1685-cr
United States v. Petrossi

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand nineteen.

PRESENT:  JOHN M. WALKER, JR.,
              RAYMOND J. LOHIER, JR.,
              SUSAN L. CARNEY,
                      *Circuit Judges*.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

       *Appellee*,

     v.                                        No. 18-1685-cr

LOUIS F. PETROSSI,

       *Defendant-Appellant*.*

-----------------------------------------------------------------

* The Clerk of Court is respectfully directed to amend the official caption as shown above.

FOR APPELLANT: KENNETH A. CARUSO (Christopher D. Volpe, Michael Y. Lu, Katrina Fetsch, *on the brief*), White & Case LLP, New York, NY.

FOR APPELLEE: MARK E. BINI, Assistant United States Attorney (Susan Corkery, Lauren H. Elbert, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Louis F. Petrossi appeals from a judgment of the District Court (Cogan, J.) convicting him, after a jury trial and denial of his motion for a new trial, of one count of securities fraud in violation of 15 U.S.C. § 78j(b) and 15 U.S.C. § 78ff, one count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371, one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and

2

one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).   On appeal, Petrossi argues principally that: (1) his conviction was predicated on an invalid legal theory; (2) the District Court erroneously instructed the jury as to willfulness; and (3) the District Court made two evidentiary errors.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

### 1.  Invalid Legal Theory

Petrossi first contends that he was impermissibly prosecuted on a theory of fraud by omission that required that he have a duty to disclose.   But the Government did not argue and the District Court did not instruct that Petrossi could be convicted for "simply fail[ing] to disclose information."   United States v. Skelly, 442 F.3d 94, 97 (2d Cir. 2006); see United States v. Szur, 289 F.3d 200, 208–10 (2d Cir. 2002).   Instead, the Government relied repeatedly at trial on the theory that certain statements that Petrossi made were either half-truths or false statements.   The jury instructions likewise explained that Petrossi's omission of certain facts must have made his affirmative representations to investors "under

3

the circumstances misleading." Dist. Ct. Dkt. No. 290, at 1128:22–24; see United States v. Autuori, 212 F.3d 105, 118 (2d Cir. 2000) ("[I]t is just as unlawful to speak half truths or to omit to state facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading." (quotation marks omitted)). We have long recognized that half-truths, like false statements, can be actionable misrepresentations in the securities law context, see In re Vivendi, S.A. Sec. Litig., 838 F.3d 223, 239–40 (2d Cir. 2016), and Petrossi does not argue to the contrary. We therefore reject Petrossi's claim that he was convicted based on an invalid legal theory.

2. Jury Instruction

Petrossi next argues that the District Court's jury instruction regarding willfulness was erroneous. In United States v. Kaiser, however, we approved substantially similar jury instructions defining willfulness in the securities fraud context. 609 F.3d 556, 567–70 (2d Cir. 2010) (willfulness generally means that a defendant knew the statements were "false and fraudulent," made "with intent to create a deception," and "contrary [to] the idea of mistake or good faith"

4

(quotation marks omitted)). We therefore reject Petrossi's challenge to the District Court's jury instructions.

3. Evidentiary Rulings

Petrossi also challenges two evidentiary rulings of the District Court. First, Petrossi challenges the District Court's decision to admit evidence of his prior deception of another victim on the ground that the evidence was "inextricably intertwined" with the charged offense. App'x 50. But the District Court did not abuse its discretion in reaching this decision, since the jury could have considered Petrossi's misrepresentation to an investor regarding the purchase price of ForceField stock as direct evidence of the fraudulent conduct of which Petrossi was convicted. See United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000). Second, Petrossi challenges the District Court's exclusion of an email exchange between Petrossi and two ForceField executives suggesting that Petrossi received ForceField stock in exchange for his efforts to promote it. But the District Court did not abuse its discretion in excluding the exhibit as irrelevant and on the ground that it contained inadmissible hearsay to which no exception applied. In any event, any error in excluding the exhibit or admitting

5

testimony of Petrossi's prior deception was harmless given the strength of the Government's case.

We have considered Petrossi's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court